Denise PAYNE and National Alliance For Accessibility, Inc., Plaintiffs,

v.

TR ASSOCIATES, LLC; RM 5 DK Corp.; Kroger Limited Partnership I, Defendants.

No. 5:11–CV–628–BO.

United States District Court, E.D. North Carolina, Western Division.

July 20, 2012.

Jacqueline Yvonne London, The Law Offices of JYLondon, Esq., P.A., Jupiter, FL, for Plaintiffs.

Scott Elliot Bayzle, Patricia T. Bartis, Parker, Poe, Adams & Bernstein, LLP, Raleigh, NC, for Defendants.

## ORDER

TERRENCE W. BOYLE, District Judge.

Plaintiffs Denise Payne and National Alliance for Accessibility brought this action on November 3, 2011, alleging violations of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") [DE 1]. This matter is before the Court on the Joint Motion to Dismiss [DE 22] filed by Defendants Kroger Limited Partnership I ("Kroger") and RM 5 DK Corp. ("RM"). Plaintiffs responded on March 13, 2012 [DE 31]. Defendants Kroger and RM replied on March 19 [DE 34]. The motion is now ripe for adjudication. For the following reasons, Defendants' Joint Motion to Dismiss [DE 22] is GRANTED.

## BACKGROUND

Ms. Payne—a resident of Broward County, Florida—considers herself to be a frequent shopper at "Shopping Center at 106–132 Kilmayne Drive" in Cary, North Carolina. Ms. Payne alleges that she has encountered "barriers to access" at the Shopping Center, allegedly in violation of the ADA. The Shopping Center is over 700 miles from Ms. Payne's residence in Florida. In the complaint, Ms. Payne notes that she "looks forward" to visiting the Shopping Center again [DE 1 at 6]. She plans to visit for "additional shopping trips there ... so that she can enjoy them more fully" [DE 1 at 6]. The complaint includes a list of alleged violations of the ADA [DE 1 at 7, 10–11]. On February 9, 2012, Defendants Kroger and RM moved to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

## DISCUSSION

Plaintiffs allege that Defendants have discriminated against Denise Payne on the basis of her disability in violation of the ADA. She seeks a declaratory judgment, an injunction, attorney's fees, costs and litigation expenses. Defendants Kroger and RM have moved to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on the basis that dismissal is required because Plaintiffs lack standing to sue.

### I. Motion to Dismiss Standard

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. When subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647–50 (4th Cir.1999). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere

evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States,* 945 F.2d 765, 768 (4th Cir.1991). To this end, "the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." *Id.,* citing *Trentacosta v. Frontier Pacific Aircraft Indus.,* 813 F.2d 1553, 1558–59 (9th Cir.1987). The movant's motion to dismiss should be granted if the material jurisdictional facts are not in dispute and the movant is entitled to prevail as a matter of law. *Id.*

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain,* 478 U.S. 265, 283, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim to relief that is facially plausible. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). If the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible," the "complaint must be dismissed." *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955.

## II. Plaintiff Lacks Standing

■ Defendants Kroger and RM's Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) must be granted because Plaintiffs lacks standing. Standing is the determination of whether a particular individual is the proper party to assert a claim in federal court;

it "is founded in concern about the proper—and properly *limited* role—of the courts in a democratic society." *Warth v. Seldin,* 422 U.S. 490, 498, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975) (emphasis added). The standing doctrine curtails the types of disputes that an Article III court can decide; it does so by requiring courts to hew to their express constitutional mandate of resolving "cases" and "controversies." U.S. Const. art. III, § 2, cl. 1; *Warth,* 422 U.S. at 498, 95 S.Ct. 2197. The standing question is one that asks "whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Warth,* 422 U.S. at 498, 95 S.Ct. 2197. An affirmative answer to this question requires a plaintiff to demonstrate at least three "irreducible constitutional minimum" requirements:

> First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized and (b) "actual or imminent, not 'conjectural' or 'hypothetical.'" Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be "fairly ... trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court." Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

*Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (internal citations omitted). Ms. Payne has failed to establish at least one element required for Article III standing: the "injury in fact" element.

■ When a plaintiff seeks injunctive relief, the "injury in fact" element of standing requires more than simply an allegation of a defendant's prior wrongful

conduct. *See City of Los Angeles v. Lyons,* 461 U.S. 95, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983) (refusing to enjoin the Los Angeles Police Department's use of chokeholds where the plaintiff was placed in a chokehold during a prior traffic stop and blacked out). In *Lyons,* the Supreme Court held that standing to seek injunctive relief does not exist unless the plaintiff can show a substantial likelihood of future harm. *Id.* at 111, 103 S.Ct. 1660.

Applying *Lyons* to ADA cases—where injunctive relief is the only remedy—federal courts have denied claims on standing grounds where the likelihood of future harm was *de minimis.* For example, in *Aikins v. St. Helena Hosp.,* 843 F.Supp. 1329 (N.D.Cal.1994), the widow of a hospital patient asserted that the hospital's failure to provide her with a sign language interpreter prevented her from effectively communicating with hospital personnel and participating in her husband's care. The court dismissed plaintiff's ADA claims, holding that she was not entitled to injunctive relief and noting that:

> [A] plaintiff seeking injunctive relief premised upon an alleged past wrong must demonstrate a 'real and immediate threat' of repeated future harm to satisfy the injury in fact prong of the standing test. This requirement is independent of the substantive requirements for equitable relief.

*Aikins,* 843 F.Supp. at 1333 (quoting *Lyons,* 461 U.S. at 111, 103 S.Ct. 1660). Ms. Aikins' claims were dismissed because she failed to show that she was "likely to use the hospital in the near future," and that the defendants were likely to discriminate against her if she did use the hospital sometime in the future. *Aikins,* 843 F.Supp. at 1334.

Other federal courts have reached the same conclusion as that presented in *Aikins:* there can be no Article III standing for injunctive relief unless the plaintiff alleges a substantial likelihood of future harm. *See Norkunas v. Park Road Shopping Center, Inc.,* 777 F.Supp.2d 998 (W.D.N.C.2011), *aff'd* 474 Fed.Appx. 369 (4th Cir.2012) (plaintiff unlikely to suffer future harm at Shopping Center over 700 miles from his Florida residence and 120 miles from his North Carolina residence); *Harty v. Luihn Four, Inc.,* 453 Fed.Appx. 347 (4th Cir.2011) (plaintiff's vague desire to return to a fast food restaurant at some point in the future insufficient to allege injury in fact); *Naiman v. New York Univ.,* 1997 WL 249970 (S.D.N.Y. May 13, 1997) (deaf patient's four prior visits to the hospital not sufficient to show likelihood of future harm); *Hoepfl v. Barlow,* 906 F.Supp. 317 (E.D.Va.1995) (dentist's prior refusal to treat HIV-positive patient not sufficient for standing under the ADA); *Tyler v. Kansas Lottery,* 14 F.Supp.2d 1220, 1225 (D.Kan.1998) (wheelchair-bound plaintiff residing in Wisconsin did not satisfy standing requirements under ADA despite his expressed intention to visit relatives and play the lottery in Kansas).

■ Here, Plaintiffs lack standing for the same reasons that the plaintiffs in *Norkunas, Harty, Lyons, Aikins, Naiman, Hoepfl* and *Tyler* did—they have failed to demonstrate a substantial likelihood that Ms. Payne will be injured in the future by Defendants Kroger and RM. Nor can Ms. Payne establish standing as an ADA tester. *See Norkunas,* 777 F.Supp.2d at 1004 (holding that "the naked assertion of a desire to return to a defendant establishment for the sole purpose of confirming ADA-compliance, without more, is insufficient to establish standing"). Ms. Payne lives in Broward County, Florida. Her residence is over 700 miles from the Shopping Center in which Defendants operate their businesses. The complaint is devoid of definitive plans to return to the Shopping Center in the future, but rather

provides a vague statement that Ms. Payne "goes regularly to North Carolina to meet with other disabled individuals and organizations and has a regular itinerary which she follows, which includes stopping at Gary on the way" [DE 1 at 5].

Ms. Payne's claims that she desires to visit the Shopping Center are merely "some day" intentions, and, "without any description of concrete plans, or indeed even any speculation of when the some day will be—[such allegations] do not support a finding of actual or imminent injury." *Lujan,* 504 U.S. at 564, 112 S.Ct. 2130; *Norkunas,* 777 F.Supp.2d at 1004, Those few ADA suits that have been permitted to go forward despite vague plans to return have involved plaintiffs who live "in relatively close proximity" to the site in question, and for whom the likelihood of return was necessarily greater. *See, e.g., Daniels v. Arcade, L.P.,* 477 Fed.Appx. 125, 129–30, 2012 WL 1406299, at *4 (4th Cir.2012). In *Daniels,* the plaintiff alleged that he "intends to continue to visit the [site] in the future for his shopping needs." The Fourth Circuit accepted the allegation as true for purposes of the motion to dismiss, and deemed the allegation plausible because the plaintiff in that case resided "in relatively close proximity" (within twenty miles) of the site. *Id.* In contrast, a distance of over 100 miles has been held to weigh against finding a reasonable likelihood of future harm. *See Norkunas,* 777 F.Supp.2d at 1002; *Jones v. Sears Roebuck & Co.,* No. 2:05–CV–535–MCE–KJM, 2006 WL 3437905, at *3 (E.D.Cal. Nov. 29, 2006). Given that Ms. Payne resides over 700 miles from the Shopping Center, such vague plans cannot sustain standing to sue in this case.

Despite the fact that Ms. Payne's affidavit, filed on March 18, 2012, expresses an intent to return to the Shopping Center "in less than 30 days and again later in 2012," this attempt to retroactively cure defects in Plaintiffs' standing is unavailing. The Court views questions of standing at the time of filing of the complaint, and the doctrine admits of no exceptions. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,* 528 U.S. 167, 191, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000) ("if a plaintiff lacks standing at the time the action commences, the fact that the dispute is capable of repetition yet evading review will not entitle the complainant to a federal judicial forum."). The Court does not question the sincerity of Ms. Payne's vague desires to revisit the Shopping Center. However, where, as here, the objective facts and allegations presented in the complaint fail to establish Ms. Payne's substantial likelihood of future injury, even her most earnest of desires cannot overcome the constitutional defect in her case.

▇▇ Nor does Ms. Payne's organization, National Alliance for Accessibility, have standing in this matter. "When an association asserts standing solely as the representative of its members, it must allege that its members, or any one of them are suffering immediate or threatened injury as a result of the challenged action of the sort that would make out a justiciable case had the members themselves brought suit." *Disability Advocates, Inc. v. N.Y. Coalition for Quality Assisted Living, Inc.,* 675 F.3d 149, 156–57 (2d Cir.2012) (quoting *Warth v. Seldin,* 422 U.S. 490, 511, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975))(internal quotation marks omitted). Because National Alliance for Accessibility relies solely on Ms. Payne's alleged injury, her lack of standing defeats the organization's standing as well.

### III. The ADA Cannot Expand Standing Beyond Article III

▇▇ Ms. Payne argues, in the alternative, that the test for Article III standing

for injunctive relief—as applied in ADA cases like hers—violates the language of the ADA itself. Here again, however, Ms. Payne misperceives the proper roles of the Constitution and federal legislation. As *Warth* establishes, Congress can properly extend standing, through legislation, to the limits of Article III of the Constitution, but those limits still remain and must be satisfied in *every* case. *See Warth*, 422 U.S. at 500, 95 S.Ct. 2197 (holding that Congress' ability to create standing can extend only as far as Article III itself). Thus, regardless of how broadly the language of the ADA sweeps, every plaintiff must allege an injury under Article III before a federal court can decide her case. In other words, ADA plaintiffs—even self-proclaimed "testers"—must satisfy the "irreducible constitutional minimum" of standing. *Lujan*, 504 U.S. at 560, 112 S.Ct. 2130.

Here, despite her lack of an "injury in fact," Ms. Payne claims that the language of the ADA confers standing upon her. However, when Ms. Payne has failed to allege an "injury in fact," she cannot seek refuge in the language of the ADA when Article III restricts a federal court from hearing her grievance.

### *CONCLUSION*

Even when viewed in the light most favorable to Plaintiffs, the complaint fails to establish a significant likelihood that Ms. Payne will be injured by Defendants Kroger and RM's alleged violations of the ADA in the future. Consequently, Ms. Payne has failed to meet her burden of establishing the "injury in fact" requirement that would confer standing on her under Article III. Because Plaintiffs lack standing to pursue the claim, the Court must dismiss in accordance with Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the foregoing reasons, De-

fendants Kroger and RM's Motion to Dismiss [DE 22] is hereby GRANTED.